1
2
3
4
5
6
7
8   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
9   AT TACOMA
10
11  ERIC LAWRENCE WRIGHT,

            Plaintiff,
12
                                                    Case No. C08-5388RBL/JKA
13       v.
                                                    ORDER TO SHOW CAUSE
14  CITY OF TACOMA *et al*.,

            Defendants.
15

16      This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28

17  U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis.* Review of plaintiff's
18
    proposed complaint discloses defects.
19
        Plaintiff names as defendants the city of Tacoma, the Tacoma City Manager, the Tacoma Police
20
    Department, and Prosecuting Attorney for Pierce County Gerald Horne.
21
        The first three defendants are branches of the municipal government. To establish municipal
22
    liability under § 1983, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the
23
    municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional
24
    rights; and (4) the policy is the moving force behind the constitutional violation. Oviatt v. Pearce, 954
25
    F.2d 1470, 1474 (9th Cir.1992). The Supreme Court has emphasized that the unconstitutional acts of a
26
    government agent cannot, standing alone, lead to municipal liability; there is no respondeat superior
27
    liability under § 1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692 (1978). A
28

ORDER

municipality may only be liable where its policies are the " 'moving force [behind] the constitutional violation.' " City of Canton v. Harris, 489 U.S. 378, 389, (1989)(quoting Monell at 694). Plaintiff does not allege any policy of the city was at issue in his complaint. Instead he alleges individual police officers, who are not named defendants, locked him in a car with the windows closed and as a result of the heat he suffered a stroke. Plaintiff fails to show any policy of the city is at issue.

Plaintiff also names as a defendant the Pierce County prosecutor, Gerald Horne. There are no facts showing how defendant Horne acted in this case. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

The court now **ORDERS PLAINTIFF TO SHOW CAUSE** why this action should not be dismissed prior to service. Plaintiff should show cause why this action should not be dismissed on or before **August 15, 2008.** The Clerk is directed to send plaintiff a copy of this to plaintiff and note the **August 15, 2008,** due date on the court's calendar.

DATED this 15 day of July, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER