UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC LAWRENCE WRIGHT,

         Plaintiff,

v.

CITY OF TACOMA, *et al.*,

         Defendants.

Case No. C08-5388RBL

ORDER DIRECTING PLAINTIFF TO SUBMIT AN AMENDED COMPLAINT OR SHOW CAUSE WHY MATTER SHOULD NOT BE SUMMARILY DISMISSED

This matter is before the court following receipt of Plaintiff's eight(8) pleadings filed in response to the Court's Order to Show Cause and Plaintiff's discovery motion (Doc. 17). The Court, having reviewed the pleadings and the balance of the record contained herein, does hereby find and ORDER.

(l) A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

(2) Previously the court identified two specific deficiencies with Plaintiff's Complaint (Doc. 7) – failure to properly plead a cause of action based on municipal liability and prosecutorial immunity. The court directed Plaintiff to show cause why the matter should not be dismissed, and in response, Plaintiff filed eight (8) separate pleadings (Docs. 9-16). Many new allegations and defendants are included in the various pleadings, including, but not limit to, certain police officers, claims related to improper police procedure, lack of proper police training, official misconduct, and unconstitutional court proceedings and procedures. Most, if not all, of Plaintiff's claims relate to an incident in July 2005, when his home was searched following a domestic violence report.

Significantly, Plaintiff's § 1983 complaint appears to call into question the validity of his

ORDER
Page - 1

conviction and/or sentence. In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2374.

For instance, Plaintiff new claims include the allegation that Pierce County's court processes, procedures, and computer programs have denied his constitutional right to a speedy trial. In addition, Plaintiff is challenging the validity of the search of his home, which revealed a marijuana growing operation.

(3) Due to the deficiencies described above, the court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be dismissed **by no later than September 22, 2008**. If an amended complaint is filed it should include all defendants and all claims in one single pleading. If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

(4) Plaintiff's motion for discovery is **DENIED.** Plaintiff seeks a court order to obtain state court records related to his criminal case. Plaintiff has failed to make a proper discovery request against the non-party entity prior to filing the motion to compel discovery. In addition, the court notes that Plaintiff has failed to certify or otherwise state that he has attempted to resolve this issue with the defendant or other party without court assistance prior to filing the motion to compel discovery.

(5) The Clerk is directed to send plaintiff a copy of this Order and the General Order

DATED this 25th of August, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2