UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC LAWRENCE WRIGHT,

    Plaintiff,

    v.

CITY OF TACOMA, *et al.*,

    Defendants.

Case No. C08-5388RBL

ORDER

This matter is before the court on Plaintiff's response and pleadings filed since the court directed Plaintiff to cure certain deficiencies in the original Complaint and pleadings. See Doc. 18. The court has reviewed the record, and specifically Docs. 21-28. The court finds and orders as follows:

1. On August 25, 2008, the Court directed Plaintiff to file an amended complaint, curing, if possible noted deficiencies, or show cause why this matter should not be dismissed by no later than September 22, 2008. The court notes on September 19, 2008, Plaintiff filed a pleading (Doc. 21) which was captioned as a motion to amend, but could be considered an Amended Complaint. However, this pleading did not adequately address the deficiencies, i.e., the Heck v. Humphrey issue. Plaintiff also had filed a motion for an extension of time (Doc. 21), which was granted. Thus, on September 22, 2008, Plaintiff was directed by the Court to file an amended complaint addressing the deficiencies by no later than October 17, 2008.

2. To date Plaintiff has yet to file an amended complaint that addresses the court's concerns stated in its order dated August 25, 2008. Plaintiff has filed several other pleadings, including a motion to

ORDER
Page - 1

amend (Doc. 27). The need for this motion and the court's approval to file an amended complaint is nonsensical given the court's previous October 17, 2008 deadline to file an amended complaint. Nonetheless, as a motion to amend it is **GRANTED**. On review of the motion, arguably it too (like Doc. 21) could be construed as an Amended Complaint, but it does not include many statements and allegations that would normally be contained in a complaint. For instance, it includes an "Argument" section, which is normally not part of a Complaint, and it does not include any specific section entitled "claims" or "causes of action" Most importantly, it does not address the court's previous concern that the allegations made appear to call into question the validity of his conviction and/or sentence related to the alleged facts. As noted earlier by the court, in June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2374.

Moreover, the motion or amendments suggested by Plaintiff do not address the issue of prosecutorial and judicial immunity, which was also previously discussed by the court. Plaintiff continues to name judicial officers and prosecutorial staff in his statement of facts in his pleadings. It is not clear who specifically are to be the named defendants. Again, the motion is not in the form of a complaint, which would normally name each defendant in the caption as well as describe each defendant in a section of the complaint.

(3) Due the continued deficiencies in Plaintiff's pleadings and lack of direct response, the court will not entertain any further motions until Plaintiff has filed an Amended Complaint, curing, if possible, the noted deficiencies, or shows cause why this matter should not be summarily dismissed. To avoid dismissal for lack of prosecution, Plaintiff shall file his First Amended Complaint (captioned appropriately) by no later than December 5, 2008. Plaintiff must address the issue of the validity of his conviction and/or sentence related to the alleged facts in his First Amended Complaint.

(4) The Clerk is directed to send plaintiff a copy of this Order.

DATED this 12th of November, 2008.

1
2                       */s/ J. Kelley Arnold*
                      J. Kelley Arnold
3                       United States Magistrate Judge

ORDER
Page - 3