UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC LAWRENCE WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TACOMA, et al.,<br><br>Defendants. | Case No. C08-5388RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 19, 2008 |

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Accordingly, the following report and recommendation is hereby submitted.

## FACTUAL BACKGROUND

Plaintiff, Eric L. Wright, is currently incarcerated at the Pierce County Jail. Plaintiff's complaint names several defendants involved with plaintiff's criminal case or conviction. According to the Complaint and subsequent pleadings filed in this matter, it appears Plaintiff's house was searched in July 2005. Sometime during the search of the home, Plaintiff suffered a heart attack or heat stroke and he was taken to the hospital. Plaintiff was arrested and charged with certain unknown crimes related to the search of his home. According to the pleadings the criminal proceedings related to the matter continued at the time this matter was filed.

On August 25, 2008, the undersigned reviewed the complaint and issued an order to show cause why the matter should not be dismissed because it appeared plaintiff's claims necessarily called into question the

fact or duration of a criminal conviction and/or sentence. See Doc. 8.

With respect to claims made that called into question the validity of Mr. Wright's pending criminal case or conviction, the court explained that Plaintiff is required to show that he has successfully petitioned the state and/or federal courts for a writ of habeas corpus prior to filing a civil action pursuant to § 1983 seeking injunction and money damages and cited Heck v. Humphrey, 114 S.Ct. 2364 (1994). The court originally directed plaintiff to show cause why the matter should not be dismissed by not later than August 15, 2008. Since then Plaintiff has filed several pleadings and has been granted several extension of time to properly respond. Significantly, Plaintiff has not responded with sufficient facts or evidence to show that this matter should continue. After reviewing the file and plaintiff's documents, the undersigned recommends that the Court dismiss this § 1983 action.

## DISCUSSION

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2374.

It is clear to the court that Mr. Wright is raising issues in his § 1983 complaint which necessarily calls into question that validity of Plaintiff's current incarceration, his pending criminal case or conviction. Plaintiff has failed to show the court that his conviction or sentence has been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Under Heck, plaintiff's § 1983 claim has not yet accrued, and therefore is not cognizable.

The court finds that such allegations should be dismissed pursuant to the law set forth above. Plaintiff shall not be permitted to seek such relief or pursue such claims via § 1983, without first successfully petitioning for his release and/or expungement of his parole revocation by way of petition for writ of habeas corpus or similar state procedures.

## CONCLUSION

The undersigned recommends that the Court dismiss this action prior to service in accordance with Heck v. Humphrey. The dismissal will not prejudice plaintiff's right to file a § 1983 claim if his pending criminal matter or current sentence is later invalidated.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 19, 2008**, as noted in the caption.

DATED this 28th day of November, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge